# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| RICHARD D. EASTES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:08-0013 |
| v. ) | Judge Nixon / Knowles |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket Entry No. 15. Defendant has filed a Response, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket Entry No. 25. Plaintiff has filed a Reply. Docket Entry No. 26.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be GRANTED, and that this action be REMANDED.

## I. INTRODUCTION

Plaintiff protectively filed his applications for SSI and DIB on November 24, 2003,

alleging that he had been disabled since June 30, 2003, due to surgery for cancerous polyps, removal of colon, additional surgeries, depression, and learning difficulties. Docket Entry No. 13, Attachment ("TR"), TR 29-32, 52-55, 369-370. Plaintiff's applications were denied both initially (TR 29-30, 34-37) and upon reconsideration (TR 31-33, 40-41). Plaintiff subsequently requested (TR 42-45) and received (TR 46-51) a hearing. Plaintiff's hearing was conducted on November 21, 2005, by Administrative Law Judge ("ALJ") Linda Gail Roberts. TR 424-445. Plaintiff and Vocational Expert, Gail Ditmore, appeared and testified. *Id.*

On July 5, 2006, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 16-25. Specifically, the ALJ made the following findings of fact:

> 1. The claimant met the insured status requirements of the Social Security Act through September 30, 2003.
>
> 2. The claimant has not engaged in substantial gainful activity since the alleged onset dat (20 CFR 404.1520(b), 404.1572 *et seq.*, 416.920(b) and 416.971 *et seq.*).
>
> 3. The claimant has the following medically determinable impairments: borderline intellectual functioning, depressive disorder not otherwise specified, and familial adenomatous polyposis with residuals of proctocolectomy (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. For the periods at issue in this case, the claimant has the physical residual functional capacity to perform work activities at any exertional level. Regarding his mental functional limitations, the claimant can understand, remember, and carry out simple and low-level detailed

2

>   instructions.  He will have difficulty but can sustain attention and concentration for simple and low-level detailed instructions.  The claimant can keep to a schedule, maintain attendance, and complete a workweek while dealing with simple and low-level detailed tasks.  He can work with and around others, to include the general public, but will do better dealing with things rather than people.  The claimant can accept criticism from supervisors with only occasional difficulty.  He can handle changes in the work setting and set realistic goals without significant emotional difficulty.
>
> 6.  The claimant is capable of performing past relevant work as a warehouse worker (heavy unskilled work as he performed it) and loader/unloader (heavy semi-skilled work).  These jobs do not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).
>
> 7.  The claimant has not been under a "disability," as defined in the Social Security Act, from June 30, 2003 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

TR 20-25.

Plaintiff timely filed a request for review of the hearing decision.  TR 14-15. On November 19, 2007, the Appeals Council issued a letter declining to review the case (TR 6-8), thereby rendering the decision of the ALJ the final decision of the Commissioner.  This civil action was thereafter timely filed, and the Court has jurisdiction.  42 U.S.C. §§ 405(g) and 1383(c)(3).  If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive.  *Id.*

## II.  REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record.  Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

3

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

## B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the

5

> "listed" impairments[1] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule. Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

---

[1] The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

6

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C.  Plaintiff's Statement Of Errors

Plaintiff contends that, 1) the ALJ did not articulate "good reasons" for according no weight to the opinion of Dr. Sullivan, Plaintiff's "treating physician"; 2) the ALJ's failure to recontact Dr. Sullivan to request clarification of the basis for his opinion and/or for additional evidence constituted reversible error; 3) the ALJ failed to consider the "well-documented" impairment of Plaintiff's exertional abilities caused by his depression; 4) the ALJ's finding at Step 2 that Plaintiff's FAP and colon cancer, resulting in loss of his colon, possible malabsorption condition and large number of bowel movements per day were not, either singly or in combination, severe impairments, was not supported by substantial evidence, and was actually contrary to the evidence; 5) the ALJ did not consider all of Plaintiff's impairments ("even those found to be 'non-severe'") in finding him capable of performing heavy work; 6) the ALJ failed to examine the evidence of Record as a whole; 7) the ALJ failed to follow the Regulations, SSRs, and case law regarding the evaluation of Plaintiff's credibility and/or symptoms, including fatigue; 8) the ALJ's finding that Plaintiff could perform his past relevant work at the heavy level of exertion was not supported by substantial evidence, and was actually contrary to the evidence; 9) the ALJ's finding that Plaintiff's depression caused only "moderate" limitations in work-related mental functioning is not supported by substantial evidence, and is actually contrary to the evidence; and 10) the ALJ's attack on Plaintiff's credibility was contrary

7

to the evidence. Docket Entry No. 18. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

As has been noted above, Plaintiff argues ten statements of error with regard to the ALJ's decision. Docket Entry No. 18. While the vast majority of those arguments lack merit, Plaintiff is correct in his assertion that the ALJ must consider the Record as a whole, and that in so doing, the ALJ must articulate the evidence that is both in Plaintiff's favor and against him in a way that fully and fairly develops the Record.

The duty of the ALJ is to "fully and fairly develop the administrative record," and where the evidence suggests that a claimant may well meet a listed impairment, the ALJ must develop the evidence in order to determine whether or not the listing is met. *Johnson v. Secretary*, 794

8

F.2d 1106, 1111 (6th Cir. 1986). In doing so, the ALJ must identify the reasons and basis for crediting or rejecting certain items of evidence (*see, e.g., Morehead Marine Services v. Washnock*, 135 F.3d 366, 375 (6th Cir. 1998); *Hurst*, 753 F.2d at 519), as there can be no meaningful judicial review without an adequate explanation of the factual and legal basis for the ALJ's decision (*Hyatt Corp. v. N.L.R.B.*, 939 F.2d 361, 367 (1991)).

While the ALJ must identify the reasons for crediting or rejecting certain items of evidence, the Regulations do not require the ALJ to specifically and comprehensively articulate exactly which pieces of testimony she is giving credence. The Regulations simply require that the ALJ state "the findings of fact and the reasons for the decision." 20 C.F.R. § 416.1453(a). As the Sixth Circuit has noted, "[t]o require a more elaborate articulation of the ALJ's thought processes would not be reasonable." *Gooch v. Secretary,* 833 F.2d 589, 592 (6th Cir. 1987).

The ALJ's decision in this case addresses the evidence that supports her determination that Plaintiff was not "disabled" within the Agency's definition. The ALJ does not, however, discuss the evidence that supports Plaintiff's claims or discuss her reasons for discounting that supportive evidence. In particular, although the ALJ thrice mentions that Plaintiff complained of fatigue, the ALJ fails to address Plaintiff's repeated claims of fatigue to numerous physicians on a consistent basis and its resulting exertional impact on his life, other than to mention Plaintiff's testimony that he naps twice a day for one hour each nap. Because the ALJ does not discuss the evidence that supports Plaintiff's claims and then articulate her reasons for rejecting that evidence, the undersigned cannot assume the ALJ considered that evidence, nor can the undersigned know whether substantial evidence exists to support the ALJ's determination. Accordingly, the undersigned recommends that this action be remanded for further development

9

of the Record.[2]

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be GRANTED, and that this action be REMANDED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

---

[2]Because the undersigned recommends that this action be remanded, the remainder of Plaintiff's statements of error will not be discussed herein.